Butler, J.,
dissenting. I dissent from the opinion of the Court in this case. The defendant did not wish to assume the perilous position of deliberately imputing perjury to the plaintiff by filing a plea of justification, which could alone be supported by proof of a perjury. — That is, that *plaintiff had taken an oath, in a judicial trial, to a fact material to the issue, and which was deliberately and wilfully false. When the defendant made the charge, he may not have been acquainted with all the legal ingredients of the crime imputed to the plaintiff, and at the trial, he may not have been able or willing to prove all that would be required by the plea of justification. But does it follow that he should have been deprived, for the want of such plea, of an opportunity of showing, that defendant had been culpably negligent in making his estimates before he was sworn on a former trial ?
The defendant did not offer to prove that plaintiff had committed a perjury, he offered to show that plaintiff had said in his oath what was in fact not true; that is, the land in question was not near worn out, and that Gantt had not cultivated it seven or eight years ; and in doing this it would not have followed that plaintiff had been guilty of a wilful falsehood. If defendant had been permitted to introduce his evidence, he might have shown that the land was somewhat used, but not nearly worn out, and that Gantt had cultivated it for four or five years, but not seven or eight; or he might have shown that plaintiff had sworn with a recklessness and ignorance of the true facts, which was culpable in a high degree, but not legally criminal; that he had spoken “ unadvisedly with his lips,” where it had been in his power to have informed himself, and to have given correct information on the matter in controversy. Should a party be deprived of showing these things, because he cannot make out a crime against the plaintiff to justify the words spoken ? Cannot a party excuse himself by showing something by way of extenuation, without being driven to a plea which would impose on him the necessity of convicting plaintiff of a technical crime ? If a defendant is deprived of this evidence, this is his situation ; he cannot plead justification, because he has not evidence enough to support it, and if he does not justify, he is deprived of all evidence to excuse himself, by showing that plaintiff had committed a mistake, or had been guilty of great negligence in making statements giving information to the Court. The plaintiff in his evidence on a former trial might have testified to what was not true, without its being criminally false, so as to fix on him the imputation of perjury. The extent of the evidence offered by defendant and rejected by the Court, *316 was to show that plaintiff had not testified truly, as to the degree of wear and deterioration of the land, and the time it was occupied. In giving his evidence, the plaintiff may have made a mistake, or he may have been culpably negligent; and how could defendant show either without the evidence which was excluded ? In what way could he have availed himself of the benefit of this evidence ? If it could have been of any service to him, he has been precluded from it unjustly by the rule laid down. I have always understood the rule to be, that a defendant in slander could introduce any evidence under the general issue, to reduce the damages by showing that he had grounds for what he had *said of the plaintiff, and that he could show any grounds not amounting to the crime imputed ; but where he contends for an entire verdict, he must show that he did not use the offensive words ; or if he intends to maintain the truth of them to the extent of their legal import, he must do so under a plea justification. I will suppose a case, that A. said of B. that B. was guilty of larceny ; an action was brought; A. could show that B. had traded with a negro, under suspicious circumstances, showing that he had traded for stolen goods ; the charge would not be supported by the proof under plea of justification; but should the defendant, on that account, be deprived of the testimony under the general issue to reduce the damages ? Any thing less than the crime imputed should be given in evidence, under the general issue ; but where evidence is offered to prove the crime charged, it should be a plea of justification, to authorize its admission.
See 10 Rich. 417; 1 N. & McC. 268. An.
Caldwell and Summer, for the motion. Bauskett and Caughman, contra.
O’Neall, Harper and De Satjssure, concurred.